■ In the Matter of HERBERT R. REIF, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. Appellant is a lawyer. He retains a cook in his home. He has been assessed for unemployment insurance taxes on the value of the board and lodging furnished by him as well as the wages in money. He appeals from a determination of the Unemployment Insurance Appeal Board sustaining so much of the assessment as is based on board and lodging. We are of opinion the board is right in its ruling. The question is whether Labor Law (§ 517, subd. 2, par. [g]) first enacted in 1951, supersedes or repeals the provisions of subdivision 1 of section 517 which come from the original statute of 1935 (L. 1935, ch. 468). The provisions of subdivision 1 include as "remuneration" in express and definite terms "the reasonable money value of board * * * lodging, or similar advantage received". Neither the Federal statute nor, as far as we have been advised, the statute of any other State includes board and lodging as compensation; and this, apparently, because generally domestic servants are not covered. Domestic servants are covered in New York, since they are not excluded, and there can be no doubt that board and lodging are customarily a substantial part of their compensation. The 1951 addition of paragraph (g) of subdivision 2 excludes from "remuneration" compensation "paid in any medium other than cash to an employee for service not in the course of the employer's trade or business". Although this is superficially inconsistent with the express inclusion of the value of board and lodging in subdivision 1, the former was not repealed and is continued in the statute within the same section; and the two subdivisions must be read harmoniously if possible. The 1951 amendment was part of a wider change designed to bring into uniformity in respect of casual labor the New York statute with the Federal and other State statutes. The provision for noncash payments not made in "business" perfectly logical in jurisdictions where domestic employees were not covered, seem to have been inadvertently carried into the New York statute without qualification. But more than this added provision, essentially designed to deal with another subject, is needed to spell out an abandonment of a policy followed by the New York Legislature for 15 years to include board and lodging as remuneration. We think the 1951 statute did not work a repeal of this long-standing definition. Besides this, for the purpose of unemployment insurance taxes and benefits, where the employment is covered, as this employment clearly is under New York statute, the domestic establishment in which the appellant hires and retains an employee in a covered occupation and under circumstances requiring the payment of a tax, is for that purpose to be deemed part of his "business". We agree with the Unemployment Insurance Appeal Board and with the Referee who decided the case on a carefully reasoned opinion, that the amendment is not applicable. Decision unanimously affirmed, with costs to the Unemployment Insurance Appeal Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.